IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Samuel Barnes**, on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**Winking Lizard, Inc.**, *et al.,*<br><br>**Defendants.** | Case No. 1:18CV952<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

## **ORDER**

WHEREAS, the Plaintiffs and Defendants have entered into a Joint Stipulation of Settlement and Release ("Settlement Agreement") intended to resolve the claims alleged in the Complaint in this litigation; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed Court-approved settlement and, upon final approval, entry of stipulated judgment approving this settlement; and

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement (the Parties' "joint motion for preliminary approval") and supporting papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies the following Settlement Classes:

   FLSA Collective: all current or former employees of any Defendant who worked (and were paid for such work as salaried and exempt from overtime) as an Assistant Kitchen Manager ("AKM") or as a Manager in Training ("MIT") who, according to Defendants' timekeeping system records, worked more than 40 hours as a salary-paid AKM or MIT classified and paid by any Defendant as exempt in any workweek at any of Defendants' locations, for which workweek the individual was paid on a pay date within the period beginning May 15, 2015 (except, for named Plaintiff, April 26, 2015, and for opt-in Plaintiff Thomas Barnes, May 18, 2015), and ending on the Release Effective Date (the "relevant period"). These individuals have been identified through the date of the Settlement Agreement in the class lists provided by Defendants to Class Counsel.

   ii. State Law Class: all current or former employees of any Defendant who worked (and were paid for such work as salaried and exempt from overtime) as an AKM or as a MIT who, according to Defendants' timekeeping system records, worked more than 40 hours as a salary-paid AKM or MIT classified and paid by any Defendant as exempt in any workweek at any of Defendants' locations, for which workweek the individual was paid on a pay date within the period beginning April 25, 2016 and ending on the Release Effective Date (the "state law relevant period"). These individuals have been identified through the date of the Settlement Agreement in the class lists provided by Defendants to Class Counsel.

4. The Court further conditionally finds that the named Plaintiff is an adequate class representative for the Settlement Classes.

5. The Court further conditionally finds that Plaintiffs' Counsel are adequate to serve as Class Counsel ("Class Counsel") and conditionally appoints the following as counsel for the class: C. Andrew Head and Bethany A. Hilbert, Head Law Firm, LLC.

6. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney retained at his or her expense. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Class and Appointment of Settlement Administrator*

7. The Court approves the form of the Notices and Claim Forms attached as exhibits to the Settlement Agreement, and the manner of providing notice set forth in the Settlement Agreement. Such Notices shall issue in accordance with the schedule of settlement administration presented in the Parties' joint motion for preliminary approval.

8. The manner and forms of Notice are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the Notices are disseminated according to the terms of the Settlement Agreement. Settlement Class members may request exclusion from the Settlement, object to the Settlement, or file a claim form no later than 45 days after the Settlement Administrator's initial distribution of the Notices and Claim Forms, in compliance with the terms stated in the approved Notices and Claim Forms. Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a statement attesting to compliance with the provisions of this paragraph.

9. The Notices to be provided by both mail and email as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the

circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of Ohio and all other applicable laws. The Notices are accurate, objective, informative and provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

10. The parties and their respective counsel are authorized to retain RG/2 Claims Administration to serve as the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

*Requests for Exclusion from the Settlement Class*

11. Any member of the State Law Class who wishes to be excluded ("opt out") from the settlement must send an opt-out written request for exclusion by letter to the Settlement Administrator at the address indicated in the Notices, so that it is postmarked (if mailed) or received by the Settlement Administrator (if emailed) no later than 45 days of the initial distribution of the Notice. In order to be effective, this Request for Exclusion must (1) state that the individual wants to be excluded from *Barnes v. Winking Lizard, Inc., et al.*, U.S. District Court for the Northern District of Ohio, Case No. No. 1:18CV952-PAG, and that the individual understands that he or she will not receive money from it; and (2) include the individual's name, address, telephone number, and his or her signature, as well as the last four digits of the individual's Social Security number. If, however, the State Law Class member submits a timely Claim Form as well, his or her Request for Exclusion will be void.

4

12. Members of the State Law Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Notice and this Order.

13. Any member of the State Law Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or received his or her settlement check from, the available settlement monies pursuant to the Settlement Agreement, as defined in the Settlement Agreement. All members of the State Law Class who do not personally and timely request to be excluded are enjoined from proceeding against Defendants for their specific released claims.

*Objections to the Settlement*

14. Any Settlement Class member who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the settlement, or Class Counsel's application for approval of service payments, fees, costs, and expenses by serving a written objection. The Court reserves ruling on whether the Court will consider an objection submitted by an individual who is not a State Law Class member and who, by not timely submitting a Claim Form, elected not to be a settlement participant covered by the Settlement.

15. Any individual making the objection (an "Objector") must sign the objection personally. Any comment on and or objection to the proposed settlement must be in writing. If the Objector sends a statement in writing of his or her objection, the Objector may also come to

the Court for the Final Approval Hearing to have his or her objection heard by the Court orally, either in person or through the Objector's own attorney. If the Objector appears through his or her own attorney, the Objector is responsible for paying that attorney. Any attorney who will be representing any Objector at the Final Approval Hearing must file a notice of appearance with the Court on or before 14 days prior to that hearing. If an attorney is appearing on behalf of more than one Objector, counsel must identify each such Settlement Class member so represented, and each Settlement Class member must have individually complied with the requirements of this Order.

16. All written comments and objections and supporting papers must (a) clearly identify the case name and number (*Barnes v. Winking Lizard, Inc., et al.*, U.S. District Court for the Northern District of Ohio, Case No. 1:18CV952-PAG), (b) clearly state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and also must state with specificity the grounds for the objection; (c) be submitted to the Court either by mailing the comments or objections to the Office of the Clerk of the U.S. District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, or by filing the comments or objections in person at the Office of the Clerk at the Clerk's address stated above, and (d) be filed or postmarked on or before forty five days from the date of Settlement Administrator's first distribution of the Notice.

17. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separately retained counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein and as detailed in the Notice.

*The Final Approval Hearing*

18.	A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on _____March 7_____, 2019 at 9:00 a.m. ~~p.m.~~ in the courtroom of the Honorable Patricia A. Gaughan, United States District Court, 801 West Superior Avenue, Cleveland, Ohio. At that hearing, the Court will determine if the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class members, and decide the entry of a stipulated final judgment approving the settlement.

19.	Class Counsel's request for approval of an award from the settlement fund of attorney's fees and costs and the application for approval of Service Payments shall be heard at the time of the Final Approval Hearing.

20.	The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

21.	Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to the proposed Service Payments, in accordance with the procedure set forth in the Notices and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

22.     Each and every time period and provision of the Settlement Agreement and as set forth in the Parties' joint motion for preliminary approval shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

23.     All reasonable costs incurred in notifying members of the State Settlement Classes, as well as administering the Settlement Agreement, shall be paid from the settlement fund as set forth in the Settlement Agreement.

24.     If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to oppose any and all class and collective action certification motions, to contest the adequacy of any plaintiff as representative of any putative class or collective, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs, pursuant to the terms of the Settlement Agreement, reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement should the Settlement Agreement not be consummated.

25.     For all the reasons stated in the Parties' joint motion for preliminary approval, immediately following the entry of this Order, all members of the State Settlement Classes shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on the claims to be released under the Settlement Agreement within the applicable class periods. This injunction shall remain in effect through the entry of final stipulated judgment if this settlement receives final approval, or if not approved at the Final Approval Hearing, through the date of the Court's ruling denying certification of the Settlement Classes, as defined herein.

Entered this  6th  day of  December , 2018.

                                         /s/ Patricia A. Gaughan
                                         Honorable Patricia A. Gaughan
                                         United States District Judge